UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LINDA BELL,**

        **Plaintiff,**

v.                                          Case No: 6:22-cv-2174-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

MEMORANDUM OF DECISION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for period of disability, disability insurance benefits, and supplemental security income. R. 22. In a decision dated December 27, 2021, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from June 28, 2019, through the date of the decision. R. 32–33. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

**I.     Issues on Appeal**

Claimant raises the following arguments on appeal:

1) The ALJ did not properly evaluate Dr. Atkinson's medical opinion. *See* Doc. 18 at 4.

2) The ALJ did not properly evaluate Claimant's testimony regarding her pain and limitations. *See* Doc. 18 at 8.

**II.    Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   Discussion

Here, Claimant argues that the ALJ failed to adequately consider Dr. Atkinson's medical opinion. The Court agrees—thus, there is no need here to address Claimant's remaining argument. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed his claim after March 22, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and/or carry 10 pounds occasionally, less than 10 pounds frequently. The claimant can stand and/or walk for a total of two hours in an eight-hour workday. The claimant can sit for a total of six hours in an eight-hour workday. The claimant should never climb ladders, ropes, or scaffolds. The claimant can occasionally climb stairs and ramps. She can occasionally stoop. She can occasionally balance on the right leg. The claimant can rarely crouch, crawl, and kneel. The claimant should avoid all exposure to unprotected heights, moving mechanical parts, and operating a commercial motor vehicle. The claimant should avoid concentrated exposure to uneven terrain, dust, fumes, odors, gases, pulmonary irritants, extreme cold, and extreme heat. The claimant can occasionally push and pull with the right upper extremity.

R. 26.

[2] Claimant filed her claims on September 11, 2019. R. 22.

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

The ALJ stated the following with respect to Dr. Atkinson's medical opinion:

On March 9, 2021, Dr. Atkinson completed a medical source statement about the claimant (Exhibit 19F page 1). Dr. Atkinson gave the claimant a less than sedentary residual function capacity due to severe arthritis and bursitis.

---

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

> The undersigned finds Dr. Atkinson's opinion partially persuasive. Dr. Atkinson did not have the benefit of the complete record of the claimant, which includes new evidence submitted at the hearing level, or the medical expert's testimony. However, the undersigned finds the medical expert's opinion more persuasive. The Medical Expert studied and reviewed the entire medical record. Thus, she had a comprehensive overview of all the medical evidence in file and was able to weigh and evaluate the data and opinions provided by treating and consulting medical sources. The claimant has degenerative disc disease and degenerative joint disease in the lumbar spine, thoracic spine, right knee, and right foot. The claimant's examinations sometimes showed that the claimant has an antalgic gait. She also has right knee pain. She is also obese.

R. 30.

The ALJ did not explain his consideration of the supportability factor. An ALJ must articulate their consideration of the supportability and consistency of the medical opinions of record, 20 CFR § 404.1520c(b)(2), and the failure to do so is error. *See Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020). While an ALJ is not required to use any "magic words" when considering supportability and consistency, *Mercado v. Comm'r of Soc. Sec.*, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023), an ALJ must provide more than conclusory references to the record, *see Pierson v. Comm'r of Soc. Sec.*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) ("[C]onclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.") (citation and quotation marks omitted), *report and recommendation adopted by* 2020 WL 1955341. Similarly, while an ALJ may not have to repeat the same analysis throughout the decision, an ALJ must still build an "accurate and logical bridge" between the evidence and the ALJ's conclusion. *Id.* (citation omitted).

The Commissioner contends that because the ALJ noted that Dr. Atkinson limited Claimant to a "a less than sedentary" RFC "due to severe arthritis and bursitis," the ALJ properly explained

his consideration of the supportability factor. Doc. 21 at 5. Not so. An ALJ must analyze whether a medical source's opinion is supported by the source's own records, and simply noting a basis for a medical source's conclusion, without further analysis, is insufficient. The Commissioner also appears to contend that the ALJ considered the supportability factor because the ALJ mentioned some of Dr. Atkinson's treatment notes in discussing the medical evidence of record. *Id.* at 6–7. However, the ALJ did not build an "accurate and logical bridge" between any discussion of Dr. Atkinson's treatment notes and the ALJ's conclusion. *Pierson*, 2020 WL 1957597, at *4. Otherwise, the Commissioner's post-hoc justifications are unpersuasive. Doc. 21 at 4–11; *see Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) and *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation omitted)). So, the ALJ erred in not explaining his consideration of the supportability factor.[5] *See Bailey*, 802 F. App'x at 465.

Further, the Court cannot say that this error was harmless. As a panel of the Eleventh Circuit has explained, "[w]e stress, however, that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion and the reasons therefor." *Id.* (citations omitted). At the very least, Dr. Atkinson's opinion is relevant to, and probative of, the resulting RFC. R. 26–32; *see Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Additionally, the potential impact of the limitations in the opinion on the resulting RFC is reasonably disputed by the parties. Docs.

---

[5] It is unclear if the ALJ properly considered the consistency factor vis-à-vis Dr. Atkinson's opinion, but the Court does not address this issue because the ALJ erred in considering the supportability factor. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

18 at 7–8; 21 at 7–11.  As such, the Court "cannot say that the failure to [properly consider this opinion] was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [Claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

Accordingly, the Court finds that this matter is to be remanded for further proceedings. Since this issue is dispositive, the Court finds that there is no need to address Claimant's remaining argument.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that on remand the ALJ must reassess the entire record); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV.   Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner.

**ORDERED** in Orlando, Florida on August 16, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties